IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHELE L. TIEFFERT,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC

    SERVE:    Corporation Service Company
                   1111 East Main Street
                   Richmond, VA 23219

EXPERIAN INFORMATION SOLUTIONS, INC.

    SERVE:    David N. Anthony
                   Troutman Sanders LLP
                   1001 Haxall Point
                   Richmond, VA 23219

TRANS UNION, LLC

    SERVE:    Corporation Service Company
                   Bank of America Center, 16th Floor
                   1111 East Main Street
                   Richmond, VA 23219

NATIONSTAR MORTGAGE LLC

    SERVE:    Corporation Service Company
                   Bank of America Center, 16th Floor
                   1111 East Main Street
                   Richmond, VA 23219

SUNTRUST MORTGAGE, INC.

    SERVE:    Corporation Service Company
                   Bank of America Center, 16th Floor
                   1111 East Main Street
                   Richmond, VA 23219

    Defendants.



FILED
SEP - 2 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

CIVIL ACTION NO.

3:14cv609

## COMPLAINT

COMES NOW the Plaintiff, Michele L. Tieffert, by counsel, and as for her Complaint against the Defendants, she alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA") and 12 U.S.C. § 2601, *et seq.* (the Real Estate and Settlement Procedures Act or "RESPA").

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681(p), and 12 U.S.C. § 2605(f).

### PARTIES

3. The Plaintiff is a natural person residing in Virginia, and at all times relevant to this Complaint was a "consumer" as defined by the FCRA.

4. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company doing business in Virginia. At all times relevant to this Complaint, it was a "credit reporting agency" as defined by the FCRA.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation doing business in Virginia. At all times relevant to this Complaint, it was a "credit reporting agency" as defined by the FCRA.

6. Defendant Trans Union, LLC ("TransUnion") is a foreign limited liability company doing business in Virginia. At all times relevant to this Complaint, it was a "credit reporting agency" as defined by the FCRA.

7. Defendant Nationstar Mortgage, LLC ("Nationstar") is a foreign limited liability

company doing business in Virginia. At all times relevant hereto, it was a "furnisher" of credit information as defined by the FCRA.

8. Defendant SunTrust Mortgage, Inc. ("SunTrust") is a Virginia corporation headquartered in Richmond, Virginia. At all times relevant hereto, it was a "furnisher" of credit information as defined by the FCRA.

## STATEMENT OF FACTS

9. Plaintiff obtained a mortgage loan in approximately 2007.

10. At some point thereafter, Nationstar acquired the servicing rights to Plaintiff's mortgage ("the Nationstar Account").

11. Plaintiff then began experiencing financial difficulty and sought a loan modification from Nationstar.

12. During this time, Plaintiff continued to make all of her mortgage payments in full and on time and was never delinquent in paying her mortgage loan.

13. In November 2012, Plaintiff's loan modification was approved and she was placed in a temporary trial plan during which time she was to make four consecutive modified payments.

14. Defendant Nationstar informed Plaintiff that if she made those payments pursuant to the trial plan, she would be approved for a final HAMP modification.

15. Thereafter, Plaintiff successfully made her trial plan payments according to the trial plan and Nationstar's explicit instructions.

16. Three of these payments were made to Nationstar in the precise amount that Nationstar directed her to pay.

17. Nationstar transferred the servicing rights of Plaintiff's loan to Defendant

3

SunTrust on the date that Plaintiff's fourth modified payment was due.

18. SunTrust assigned a new account number ("the SunTrust Account").

19. Immediately upon transfer of Plaintiff's loan, Defendant SunTrust claimed that Plaintiff was in default and that she owed back payments and fees of several thousand dollars.

20. Pursuant to the agreement with Defendant Nationstar prior to the loan transfer to Defendant SunTrust, Plaintiff continued making her modified payments, including her fourth trial plan payment.

21. Plaintiff informed Defendant SunTrust of the loan modification agreement with Nationstar.

22. Despite Plaintiff's payments made in accordance with her loan modification agreement, Defendant SunTrust continued to consider Plaintiff's account in default and reported it as such on Plaintiff's credit reports.

23. Thereafter, Plaintiff submitted a Qualified Written Request to Defendants Nationstar and SunTrust disputing the payments that they considered delinquent.

24. Plaintiff further requested that both Defendants correct her account to delete any late fees or other expenses and to provide her with certain loan history documents

25. Defendants SunTrust and Nationstar failed to (1) make appropriate corrections to Plaintiff's account and notify her in writing of the corrections; (2) investigate Plaintiff's account and provide her with a written clarification as to why they believed Plaintiff's account to be correct; and/or (3) investigate Plaintiff's account and either provide the requested information or provide an explanation as to why the requested information was unavailable.

26. Additionally, Plaintiff submitted written disputes to Defendants Experian, TransUnion, and Equifax, and notified them that the Nationstar and SunTrust Accounts were

reporting as delinquent despite that she had made all of her payments on time, that she was paying precisely as instructed pursuant to her loan modification agreement and, therefore, that her credit reports were inaccurate. Plaintiff also sent supporting documentation to Defendants Equifax, TransUnion, and Experian.

27. Upon information and belief, in response to Plaintiff's disputes, Defendants Experian, TransUnion, and Equifax, through their outsource vendors in the Philippines, Chile, Costa Rica and/or India, merely transmitted a two-digit "dispute code" in an electronic ACDV to Defendants Nationstar and SunTrust in accordance with their standard investigation procedures.

28. Defendants Experian, TransUnion, and Equifax failed to forward all relevant information regarding the Accounts when they processed Plaintiff's disputes.

29. In response to Plaintiff's disputes, Defendants Nationstar and SunTrust both verified the Accounts as reporting correctly.

30. Each Defendant failed to update the Accounts to show that Plaintiff made her mortgage payments in compliance with a modified payment plan and continued to inaccurately report the Accounts.

31. Defendants, in all regards, failed to perform a meaningful and searching inquiry into the substance of Plaintiff's disputes, causing her significant actual damages.

32. Defendants are well aware that the FCRA requires them to conduct a meaningful investigation of a consumer's dispute.

33. Upon information and belief, Defendants have each developed a method of processing consumer disputes that is specifically designed to process consumer disputes cheaply and quickly, rather than accurately.

34. Upon information and belief, these methods often do not comply with the

FCRA's requirement that the Defendants must conduct a meaningful investigation of a consumer's dispute. For example, and without limitation, Defendants Equifax, TransUnion, and Experian often conduct only a cursory review of the documentation that a consumer attaches to her dispute and do not forward the documentation to the furnisher.

35. Upon information and belief, Defendants know that their methods of processing disputes do not comply with the requirements of the FCRA. Despite this knowledge, Defendants continue to ignore the FCRA's requirements concerning consumer disputes because noncompliance is a more cost-effective way for them to conduct business.

36. The Defendants' conduct was willful and entitles Plaintiff to recover punitive damages for their violations of the FCRA.

37. Additionally, Defendants Nationstar and SunTrust provided delinquent information to Defendants Equifax, TransUnion, and Experian regarding Plaintiff's alleged overdue payments made pursuant to a loan modification agreement within the 60-day period beginning on the date of their receipt of Plaintiff's Qualified Written Request.

38. As loan servicers, Defendants Nationstar and SunTrust are well aware of the requirements under RESPA regarding a consumer's qualified written request.

39. Upon information and belief, Defendants Nationstar and SunTrust have developed a pattern and practice of responding to consumers' qualified written requests by providing only a few choice documents, such as an accounting history, rather than substantively responding to their individual inquiries because it is more cost efficient business practice.

40. As a result of Defendants' conduct, Plaintiff has suffered significant actual damage.

## COUNT ONE:
## FIRST CLAIM FOR RELIEF AGAINST
## DEFENDANTS EQUIFAX, TRANSUNION, AND EXPERIAN
## (Violation of 15 U.S.C. § 1681e(b))

41. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

42. Defendants Equifax, TransUnion, and Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they published and maintained concerning the Plaintiff.

43. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

44. Defendants' conduct, actions, and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT TWO:
## SECOND CLAIM FOR RELIEF AGAINST
## DEFENDANTS EQUIFAX, TRANSUNION, AND EXPERIAN
## (Violation of 15 U.S.C. § 1681i(a)(1))

46. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

47. Defendants Equifax, TransUnion, and Experian violated 15 U.S.C § 1681i(a)(1)

by their conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently update the information in the file.

48. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

49. Defendants' conduct, actions, and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants' were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT THREE:
### THIRD CLAIM FOR RELIEF AGAINST
### DEFENDANTS EQUIFAX, TRANSUNION, AND EXPERIAN
### (Violation of 15 U.S.C. § 1681i(a)(2))

51. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

52. Defendants Equifax, TransUnion, and Experian violated 15 U.S.C § 1681i(a)(2) by their conduct which includes, but is not limited to, failing to send to the furnisher all relevant information that they received in Plaintiff's dispute letters.

53. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

54. Defendants' conduct, actions, and inaction were willful, rendering them liable for

punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FOUR:
## FOURTH CLAIM FOR RELIEF AGAINST
## DEFENDANTS EQUIFAX, TRANSUNION, AND EXPERIAN
## (Violation of 15 U.S.C. § 1681i(a)(4))

56. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

57. Defendants Equifax, TransUnion, and Experian violated 15 U.S.C § 1681i(a)(4) by their conduct which includes, but is not limited to, failing to review and consider all relevant information that they received in Plaintiff's communications.

58. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

59. Defendants' conduct, actions, and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

60. Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FIVE:
## FIFTH CLAIM FOR RELIEF AGAINST
## DEFENDANTS EQUIFAX, TRANSUNION, AND EXPERIAN
## (Violation of 15 U.S.C. § 1681i(a)(5))

61. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

62. Defendants Equifax, TransUnion, and Experian violated 15 U.S.C § 1681i(a)(5) by their conduct which includes, but is not limited to, failing to update or delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

63. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

64. Defendants' conduct, actions, and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

65. Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT SIX:
## FIRST CLAIM FOR RELIEF AGAINST
## DEFENDANTS NATIONSTAR AND SUNTRUST
## (Violation of 15 U.S.C. § 1681s-2(b))

66. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

67. Defendants Nationstar and SunTrust violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by publishing the inaccurate tradeline within Plaintiff's credit file, failing to

fully and properly investigate Plaintiff's disputes, failing to review all relevant information regarding the same; and failing to correctly report the results of an accurate investigation.

68. As a result of Defendants' conduct, actions, and inaction, Plaintiff suffered actual damages.

69. Defendants' conduct, actions and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, they were negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

70. Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT SEVEN:
## SECOND CLAIM FOR RELIEF AGAINST
## DEFENDANTS NATIONSTAR AND SUNTRUST
## (Violation of 12 U.S.C. § 2605(e))

71. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

72. Defendants Nationstar and SunTrust violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(2), by failing to (1) make appropriate corrections to Plaintiff's account and notify her in writing of the corrections; (2) investigate Plaintiff's account and provide her with a written clarification as to why they believed Plaintiff's account to be correct; and/or (3) investigate Plaintiff's account and either provide the requested information or provide an explanation as to why the requested information was unavailable.

73. Additionally, Defendants Nationstar and SunTrust violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(3), by providing delinquent information to

Defendants Equifax, TransUnion, and Experian regarding Plaintiff's alleged overdue payments made pursuant to a loan modification agreement within the 60-day period beginning on the date of their receipt of Plaintiff's Qualified Written Request.

74. As a result of Defendants' conduct, actions, and inaction, Plaintiff suffered actual damages.

75. For each violation, Plaintiff is entitled to recover actual damages and her attorney's fees and costs from Defendants in an amount to be determined by the Court pursuant to 12 U.S.C. § 2605(f).

76. Additionally, upon information and belief, Defendants' conduct with respect to the Plaintiff is a pattern and practice of misconduct with many consumers. Thus, for each violation of 12 U.S.C. § 2605(e), Defendants are also liable to Plaintiff for additional damages up to $2,000 per violation.

WHEREFORE, the Plaintiff demands judgment for compensatory, statutory, and punitive damages against the Defendants; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
MICHELE L. TIEFFERT

By:_____
Of Counsel

Matthew J. Erausquin, VSB No. 65434
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
matt@clalegal.com
casey@clalegal.com